IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL AYALA, | ) |
| | ) |
| Plaintiff, | ) No. 13-cv-04425 |
| | ) |
| v. | ) Jeffrey T. Gilbert |
| | ) Magistrate Judge |
| P.O. ROSALES, (STAR #9854), et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Ayala brought this civil rights suit against Raul Rosales, Jr., Alla Awadallah, Justin Carrillo, Brett Kellam, Francisco Moya, and the City of Chicago (collectively "Defendants") on June 14, 2013. [ECF No. 1]. Defendants prevailed at trial when the jury returned a verdict in their favor on April 14, 2015. [ECF No. 126]. This matter is before the Court on Defendants' Amended Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1).[1] [ECF No. 144].

Initially, Defendant submitted a Bill of Costs on May 13, 2015 requesting $8,667.77. [ECF No. 130]. Plaintiff objected on May 26, 2015 and requested that certain costs be denied. [ECF No. 133]. Defendants submitted a reply memorandum in support of their Bill of Costs on June 19, 2015 [ECF No. 141] and subsequently filed an Amended Bill of Costs on August 28, 2015, in which Defendants now request $9,061.02. [ECF No. 144]. Plaintiff reported to the Court that he will not file a response to Defendants' Amended Bill of Costs.[2] [ECF No. 151]. For the

---

[1] The District Judge denied Plaintiff's Motion for New Trial and referred Defendants' Amended Bill of Costs to the Magistrate Judge on January 12, 2016 [ECF No. 147].
[2] Defendants' Amended Bill of Costs contains an additional $393.25 for the cost of obtaining the transcript of the testimony given by witness Marcelino Ayala on the morning of April 7, 2015. [ECF No. 144], at 50. Since Plaintiff

1

reasons discussed below, Defendants' Amended Bill of Costs is granted in part and denied in part, and the Court awards Defendants $7,177.55 in costs.

## I. Plaintiff is Capable of Paying Court Costs

Federal Rule of Civil Procedure 54(d) establishes a strong presumption that a prevailing party will recover its costs. *See Mother and Father v. Cassidy,* 388 F.3d 704, 708 (7th Cir. 2003) (citing *M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1409 (7th Cir. 1991)). A court shall review a proposed bill of costs in scrupulous detail and award only costs that are reasonable, both in amount and necessity to the litigation. *Shah v. Vill. of Hoffman Estates,* 2003 WL 21961362, at * 1 (N.D. Ill. Aug. 14, 2003). A court is vested with wide discretion to determine whether and to what extent costs may be awarded to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 945 (7th Cir. 1997); *Blackwell v. Kalinowski,* 2011 WL 3555770, at * 1 (N.D. Ill. Aug. 11, 2011). The losing party has the burden of an affirmative showing that the costs are not appropriate. *Blackwell,* 2011 WL 355770, at *1.

The Seventh Circuit recognizes only two situations that may warrant a complete denial of costs. "[T]he first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother and Father,* 388 F.3d at 708; *see also Contreras v. City of Chicago,* 119 F.3d 1286, 1295 (7th Cir. 1997); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 221–22 (7th Cir. 1988). Plaintiff alleges that he is indigent and cannot pay any award of costs. [ECF No. 133], at 3. The Court, therefore, must make a threshold determination whether Plaintiff is incapable of paying court-imposed costs at this time or in the future. *Rivera v. City of Chicago,* 469 F.3d 631, 635–36 (7th Cir. 2006).

---

has not opposed this additional cost, it will be awarded to Defendants and is included with the total costs awarded in his Memorandum Opinion and Order.

2

The Seventh Circuit has noted that the indigent "exception is a narrow one. Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." *Id.* To overcome this burden, a plaintiff must provide "sufficient documentation to support such a finding, including evidence of both income and assets, as well as a schedule of expenses." *Ciummo v. Ruge,* 2012 WL 503627, at * 1 (N.D. Ill. Feb. 15, 2012).

Here, Plaintiff claims that he is incapable of paying costs because he "is a father of two with limited income and resources" and "is a member of the armed services and does not make much money[.]" [ECF No. 133], at 3. Plaintiff, however, has not provided the Court with any documentation to support his claim of an inability to pay—such as a schedule of expenses or other documentary evidence of income and assets. *See Williams v. Fico,* 2015 WL 3759753, at *2 (N.D. Ill. June 16, 2015) (finding that plaintiff failed to meet the evidentiary burden required to prove an indigency claim because no supportive documentation was provided to the court on the issue); *Lewis v. City of Chicago,* 2012 WL 6720411, at *3 (N.D. Ill. Dec. 21, 2012) (finding a plaintiff's affidavit regarding her inability to work, without any additional documentary evidence of her income or assets, was insufficient evidence to support a finding of indigency); *Falcon v. City of Chicago,* 2000 WL 1231403, at *1 (N.D. Ill. Aug. 28, 2000) ("the losing party must demonstrate actual indigency, not merely limited financial resources").

Plaintiff is young and apparently in good health. He currently is employed by the Army Reserves, and there is nothing to indicate that he cannot earn enough money to satisfy a debt for costs awarded by the Court. Other than stating that he has two children, Plaintiff has not indicated that he has any large amount of current debt or expenses. Plaintiff testified at his deposition that he lives with the mother of his children. [ECF No. 141], at 6. Plaintiff did not

3

itemize his living expenses or provide any other documentation that would indicate that he is the sole provider for his children. Therefore, as a threshold matter, the Court finds that Plaintiff has not met his burden of showing that he is incapable of paying court-imposed costs, if not immediately, then sometime in the future. The Court notes that the temporal perspective (i.e., capable of paying now or in the future) is the analysis consistently applied by the Seventh Circuit and lower courts in this Circuit. *See, e.g., Rivera,* 469 F.3d at 635; *McGill v. Faulkner,* 18 F.3d, 456, 459 (7th Cir. 1994); *Ciummo,* 2012 WL 503627, at *2.

The Court thus finds that Plaintiff has failed to establish that he is indigent to the extent that would warrant a complete denial of Defendants' Amended Bill of Costs. While Plaintiff may have limited resources, he has not established that he "is incapable of paying the court-imposed costs at this time or in the future." *Ciummo,* 2012 WL 503627, at *2 (citing *Rivera,* 469 F.3d at 635).

## II. Costs Requested in Defendants' Bill of Costs

In the alternative, Plaintiff objects to certain costs Defendants are seeking for the service of summons and subpoenas, an interpreter, court transcripts, and a forensic examination. The Court only may award costs that "fall into one of the categories of costs statutorily authorized for reimbursement." *Cefalu v. Villake of Elk Grove,* 211 F.3d 416, 427 (7th Cir. 2000). "The proper measure of those costs is set forth in 28 U.S.C. § 1920. *Tideman v. Nadler Golf Car Sales, Inc.,* 224 F.3d 719, 726 (7th Cir. 2000); *see also Blackwell,* 3555770, at *1.

Under § 1920, a court may tax the following expenses as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials necessarily obtained for use in the case; (5) docket

4

fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretative services under 28 U.S.C. § 1828. The award of costs to a prevailing party depends on whether the expenses sought are "reasonable in amount and necessity." 28 U.S.C. § 1920. *Perry v. City of Chicago,* 2011 WL 612342, at *3 (N.D. Ill. Feb. 15, 2011) (citing *McCabe v. City of Chicago,* 593 F. Supp. 665, 669 (N.D. Ill. 1984)).

### A. Fees for Service of Summons and Subpoenas—28 U.S.C. § 1920(1)

Defendants request $1,154.20 in costs incurred for service of eight subpoenas. [ECF No. 144], at 1, 5. These costs reflect the following: (1) service of eight subpoenas upon five witnesses[3] at $55.00 per subpoena for a total of $440.00; (2) "call back fees" associated with two witnesses in the total amount of $76.00; (3) one "rush fee" charged in connection with service of a subpoena for a deposition on Daniel Butterbach in the amount of $60.00; (4) a "second paper fee" associated with multiple attempts at service on Daniel Butterbach in the amount of $164.00; (5) two mileage charges of $20.00 associated with service of the subpoenas upon Daniel Butterbach and MacNeal Hospital in the total amount of $40.00;[4] and (6) per diem checks paid for witness fees in the total amount of $374.20. We will discuss each below.

#### 1. Services Rendered

Fees for service of process are recoverable under 28 U.S.C. § 1920(1) so long as those costs do not exceed the U.S. Marshals' service rate at the time process was served. *Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir. 1996). Although the term "marshal" as used in § 1920(1) does not specifically include private process servers, Defendants may recover costs for using a private process server as long as those costs do not exceed fees charged by a marshal. *Olivarius*

---

[3] Defendants assert that three separate subpoenas were required for witness Daniel Butterbach because Defendants repeatedly were unable to locate him at the time that service was attempted.

[4] Because these costs go unchallenged by Plaintiff, the Court grants Defendants the $40.00 in mileage charges.

*v. Tharaldson Property Management Inc.*, 2012 WL 1117468, at *1 (N.D. Ill. April 3, 2012). "To award costs for the service of subpoenas, the court need only determine that the subpoenas were reasonably necessary" at the time that they were served. *Perry,* 2011 WL 612342, at *3.

In order for Plaintiff to show that Defendants' subpoenas were unreasonable or unnecessary, Plaintiff "must offer some evidence to show that it it was unreasonable for [Defendants] to believe that the documents or the testimony were necessary at the time [they were] sought." *Doing Steel v. Casle Const. Corp.,* 2005 WL 563098, at *2 (N.D. Ill. March 3, 2005) (quoting *Movitz v. First Nat. Bank of Chicago,* 982 F.Supp. 571, 574 (N.D. Ill. 1997). The fee for personal service of a subpoena by the U.S. Marshals Service is $65.00 per hour plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3).

Defendants request $55.00 per service attempt for eight subpoenas for a total of $440.00. [ECF No. 141], at 4. Plaintiff argues that there is no proof that these subpoenas actually were served or by whom. [ECF No. 133], at 2. However, the itemized tables and invoices attached to Defendants' Amended Bill of Costs indicate that one service attempt was made by LaSalle Process Servers L.P. on each of the following witnesses: Emiliano Franco, Carmen Christina Esparza, MacNeal Hospital, Mersed Villa, Juan Ayala, and three attempts were made on Daniel Butterbach. *See* [ECF No. 130], at 5, 23-26, 32-37; *see also* [ECF No. 142-1]; [ECF No. 144], at 5, 23-26, 32-37.

Although the invoices only indicate that service was attempted and not necessarily served, Plaintiff does not cite to any case to support the argument that proof of successful service is necessary to recover costs for services rendered. In fact, under 28 C.F.R. § 0.114(f), U.S. Marshals "shall collect the fees enumerated [herein] . . . even when process i[s] returned to the court or the party unexecuted, *as long as service is endeavored.*" (emphasis added); *see also*

*Williams*, 2015 WL 3759753, at *4. Because the service fees that Defendants are seeking are below the hourly rate charged by a U.S. Marshal, the Court finds that Defendants are entitled to recover the requested $440.00 in fees paid for the service of subpoenas as they were both reasonable and necessary to this litigation.

Similarly, Plaintiff challenges the "call back fees" associated with the attempted service of witnesses Mersed Villa and Juan Ayala. Plaintiff argues that Defendants have failed to adequately explain the meaning of the call back fees and why they are reasonable and necessary to this case. In their reply memorandum, Defendants explain that call back fees are the costs associated with the *unsuccessful* attempts at service of Merced Villa and Juan Ayala. [ECF No. 141], at 6. Defendants thus concede that both of these witnesses were never served. As discussed above, however, fees for unsuccessful attempts at service are recoverable pursuant to 28 C.F.R. § 0.114(f).

Defendants adequately have explained why subpoenaing Mersed Villa to appear at trial was necessary, specifically because Mr. Villa's deposition testimony was eventually read into the record at trial due to his apparent unavailability. Similarly, Defendants adequately have explained why a subpoena for deposition upon Juan Ayala, Plaintiff's father, was necessary, specifically because Juan Ayala was alleged to have important evidence concerning a core issue in this case.[5] Further, the Court finds that $38.00 per call back fee is not unreasonable. *See Williams*, 2015 WL 3759753, at *4 (finding $228.00 in call back fees associated with three witnesses to be reasonable). Accordingly, Defendants' call back fees in the total amount of $76.00 are recoverable.

---

[5] Indeed, the District Judge granted Defendants leave to depose Juan Ayala. [ECF No. 75].

7

Plaintiff further argues that he should not be responsible for the additional costs associated with the service of subpoenas upon Daniel Butterbach, specifically the "second paper fee" of $164.00 and the "rush fee" of $60.00, because Defendants failed to explain the reason for either. Defendants identify the second paper fee as the cost associated with attempting to serve Dr. Butterbach at two different addresses, which Defendants claim was necessary due to their "repeated [unsuccessful] attempts to locate and serve Dr. Butterbach with a subpoena for deposition" at several different locations. [ECF No. 141], at 5.

As discussed above, Defendants already have requested, and the Court has awarded, compensation for three different service attempts on Dr. Butterbach in the total amount of $165.00. Because allowing an additional $164.00 would essentially give Defendants a windfall recovery, the Court cannot say that these costs are reasonable and necessary. Similarly, the Court is not persuaded that the $60.00 "rush fee" was reasonable and necessary in light of the three-week timeframe between when Dr. Butterbach was served and his deposition date. [ECF No. 65]; *see also* [ECF No. 144], at 34-35; [ECF No. 141], at 6. The Court, therefore, declines to award Defendants the additional $224.00 in costs associated with attempting to serve Dr. Butterbach.

**2. Witness Fees**

A witness shall be paid an attendance fee of $40.00 per day for each day's attendance at court or a deposition, plus reasonable travel. 28 U.S.C. § 1821(b). Because advanced witness fees are incidental to service of subpoenas on witnesses, they will be awarded when service on a witness is reasonable at the time that it was *made. Dishman v. Cleary,* 279 F.R.D. 460, 466 (N.D. Ill. 2012) (emphasis added). Defendants seek $374.20 in advanced witness fees. [ECF No. 144], at 5. Plaintiff objects specifically to the $152.63 in witness fees paid to Emiliano Franco, Juan

Ayala, and Carmen Esparaza and claims that "there is no proof that the said sums were paid . . . and whether those checks were actually cashed." [ECF No. 133], at 2.

By Defendants' own concession, as discussed above, service on Juan Ayala was unsuccessful. Because service was never made, an advanced witness fee for Juan Ayala is not recoverable. *See Dishman*, 279 F.R.D. at 466 (finding a witness fee advance should not have been paid and is not recoverable for a witness who was never served). Indeed, Defendants only mention Mr. Franco and Ms. Esparaza when defending these fees in their reply memorandum. [ECF No. 141], at 4. Defendants, therefore, are not entitled to the $50.87 in the advanced witness fee for Juan Ayala.

As for Mr. Franco and Ms. Esparaza, the Court cannot discern from Defendants' invoices whether either witness actually was ever served. Plaintiff, however, does not contest that these two witnesses were never served, but instead argues that there is no proof that the sums were paid and that the checks ever were cashed. But Plaintiff has not cited any case to support the proposition that Defendants must prove that the checks actually were cashed in order to recover advanced witness fees. Further, at a minimum, the invoices show that LaSalle Process Servers L.P. charged Defendants for the witness fees advanced. *See* [ECF No. 144], at 36-37 (showing a check amount for $50.88 for each witness and stating that "all invoices must be paid in full within 30 days."). Finally, Defendants assert in their reply memorandum that both Mr. Franco and Ms. Esparaza were "served with subpoenas to testify at trial . . . to appear on April 10, 2015." [ECF No. 141], at 7. Based on all of the information provided, the Court finds that Defendants are entitled to witness fees for every witness except for Juana Ayala. Accordingly, the Court awards Defendants $323.32 in witness fees.[6]

---

[6] Although never contested, the Court notes that the fees are reasonable in light of statutory maximums and travel expenses. *See Dishman*, 279 F.R.D. at 466 (finding $51.95 in advanced witness fees reasonable).

## B. Fees for Spanish Interpreter—28 U.S.C. § 1920(6)

Reasonable costs associated with oral interpreters are recoverable pursuant to 28 U.S.C. § 1920(6). *Cascades Computer Innovation, LLC v. Samsung Electronics Co.,* 2016 WL 612792, at *7 (N.D. Ill. Feb. 16, 2016). Defendants seek to recover $333.00 in costs incurred from the cancellation of a Spanish interpreter that was to be used at trial. [ECF No. 141], at 7. According to Defendants, the interpreter was necessary to this case because two witnesses, Mr. Franco and Ms. Esparaza, do not speak English. *Id.* Defendants further allege that they were forced to cancel the interpreter one day before the interpreter was to be utilized because "[a]s the trial progressed on April 9, 2015, it became clear that Defendants would not be able to present [the witnesses] on April 10, 2015 as originally planned—Plaintiff had not yet rested his case." *Id.* Plaintiff argues that Defendants have failed to adequately show why retaining and thereafter cancelling the interpreter was reasonable and necessary to the litigation. [ECF No. 133], at 3.

Although the Court finds that Defendants sufficiently have explained why a Spanish interpreter was necessary in this case, specifically because Mr. Franco and Ms. Esparaza do not speak English, the Court is not convinced that the cancellation fee was reasonable. Plaintiff should not be responsible for Defendants last minute cancellation of the interpreter. *See Acosta v. Target Corporation,* 2014 WL 1560447, at *2 (N.D. Ill. April 18, 2014) (finding it unreasonable for the non-cancelling party to pay any associated fee for a last minute cancellation); *see also Real Colors, Inc. v. Patel* 1998 WL 88879, at *1 (N.D. Ill. Feb. 17, 1998) (stating that a party's "eleventh hour" cancellation cannot simply be written-off or covered by a non-cancelling party). Scheduling changes are a part of trial, and the risk they would need to change the "job date" of the interpreter less than one day in advance is appropriately placed on Defendants. The Court,

therefore, does not believe it is reasonable to impose this cost on Plaintiff. Accordingly, the request for $333.00 in cancellation costs is denied.

### C. Other Costs

Lastly, Defendants seek $2,973.37 in "other costs," including court transcript and forensic examination costs. [ECF No. 144] at 1, 10. The Court will address each of these costs below.

#### 1. Court Transcript Fees—28 U.S.C. § 1920(2)

A prevailing party can recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," including transcripts of trial and other court proceedings. 28 U.S.C. § 1920(2); *Serwatka v. City of Chicago*, 2011 WL 2038725, at *3 (N.D. Ill. May 24, 2011). Local Rule 54.1(b), however, limits recovery to the copy rate established by the Judicial Conference of the United States at the time the transcript was filed. *See* N.D. Ill. L.R. 54.1(b).

"[A]lthough courts may not tax the costs of transcripts . . . provided merely for the convenience of the requesting attorney, a transcript need not be absolutely indispensable in order to provide the basis of an award of costs." *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000) (citation and internal quotation marks omitted). Costs will be awarded if the Court finds that the transcripts were reasonably necessary based upon the facts known at the time the transcripts were requested. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Courts consider a number of different factors when determining whether to allow the costs of daily transcripts: "(1) the length of the trial and the complexity of the issues, (2) whether a daily transcript was necessary to minimize disagreement over the testimony of witnesses, (3) whether proposed findings of fact were required, (4) whether the case involved expert witnesses

whose cross-examination required knowledge of the exact wording of their previous testimony or that of any other witness, (5) the size of the claim, (5) and the importance of witness credibility." *Ernst v. Anderson*, 2006 WL 163024, at *2 (N.D. Ill. Jan. 18, 2006).

Defendants seek to recover $2,667.00 in costs associated with the retrieving transcripts of the following: (1) the criminal proceedings against Plaintiff arising from a 2011 arrest; (2) the criminal proceedings against witness Merced Villa; (3) the pretrial conference in this case; (4) the testimony of witness Marcelino Ayala in this case; and (5) the testimony of Plaintiff in this case. [ECF No. 14], at 8-11. Plaintiff objects to $2,152.95 of these costs and claims that Defendants have failed to establish why these transcripts were necessary to this litigation. [ECF No. 133], at 3.[7]

Defendants argue that the transcript from Plaintiff's April 18, 2012 criminal bench trial was necessary in this case because Plaintiff's acquittal in the 2012 case, which came a few weeks before the arrest at issue in this matter, guided the allegations made against Defendants. [ECF No. 141], at 8. Defendants further assert that Plaintiff repeatedly referred to his criminal case during the trial in this matter. *Id.* Given this explanation, the Court is satisfied that obtaining this transcript from Plaintiff's criminal case was a matter of necessity rather than convenience. Accordingly, the Court awards $273.00 in costs associated with retrieving the transcript from Plaintiff's 2012 bench trial. *See Majeske*, 218 F.3d at 825.

Defendants also seek to recover the costs for retrieving the transcripts from certain criminal proceedings of witness Mersed Villa. [ECF No. 141], a 9. Defendants contend that the

---

[7] Although Plaintiff has not made clear specifically which court transcripts he is objecting to, Defendants have assumed in their reply memorandum that Plaintiff is objecting to the five transcripts mentioned above. [ECF No. 141], at 8. The total cost of those five transcripts, however, is $514.25 more than what Plaintiff has objected to. Because Defendants have taken on the task of defending more than what Plaintiff has objected to, the Court will analyze Plaintiff's objection in light of the total transcript cost of $2,667.00 as outlined by Defendants' in their reply memorandum. *Id.*

12

transcripts from these proceedings were necessary because several Defendants in this case testified at Mr. Villa's proceedings about the same events giving rise to the issues here. *Id.* Although these transcripts "need not be absolutely indispensable" to this case in order to warrant the award of costs, they must be more than a mere convenience. *Allen v. City of Chicago*, 2013 WL 1966363, at * 3 (N.D. Ill. May 10, 2013). Plaintiff should not bear the burden of paying for transcripts of Defendants' testimony in a different case so that Defendants can use their testimony from that case to prepare them to testify in this case. That is an uncrecoverable cost properly placed on Defendants. The Court, therefore, declines to award $900.60 in costs associated with retrieving the transcripts from certain criminal proceedings of Mr. Villa.

Next, Defendants seek to recover $809.95 in costs incurred from obtaining the transcript from the pretrial conference. [ECF No. 141], at 9. Plaintiff makes a blanket objection that Defendants have failed to set out why this transcript was necessary. [ECF No. 133], at 3. Defendants explanation does not provide much clarity. They simply have cited a quote from the *Allen* court, which outlines circumstances when the costs incurred from obtaining a transcript of a pretrial conference may be reasonable. [ECF No. 141], at 9-10. Defendants have failed to explain why the facts of that case warrant an award of costs here. For example, Defendants have failed to describe whether there was "a series of oral rulings [issued] on motions *in limine*, jury instructions, exhibit and witness lists, and other pretrial matters" during the pretrial conference. *Allen*, 2013 WL 1966363, at * 3. Nonetheless, because Plaintiff has failed to meet his burden of showing that the transcript costs are not appropriate, the Court finds that they are reasonably necessary at the time the transcript was ordered. *Blackwell*, 2011 WL 355770, at *1.

The Court also finds that the expedited copy rate charged by Defendants was reasonable in light of the facts known at the time that the transcript was ordered. As Defendants correctly

13

point out, the pretrial conference took place just four days before the trial began. [ECF No. 141], at 10; *see also* [ECF No. 144], at 44; [ECF No. 115]. Even though it was expedited, the transcript was not delivered to Defendants until the day of trial. [ECF No. 144], at 44. In light of the short time frame between the pretrial conference and the commencement of trial, the Court finds that ordering the transcript on an expedited basis was reasonable. *See Serwatka*, 2011 WL 2038725, at *3 (finding three weeks between the pretrial conference and trial a reasonable timeframe to warrant an expedited transcript). Further, the cost of $4.85 per page for the transcript was consistent with the expedited copy rate established by the Judicial Conference at the time the transcript was filed. Accordingly, the Court awards $809.95 in costs for the pretrial conference transcript.

Defendants also seek to recover $683.65 in costs associated with obtaining the transcripts of testimony given by witness Marcelino Ayala and Plaintiff. [ECF No. 144], at 46-47. Charges for daily transcripts "may be awarded where the trial is long, the issues complex, or a transcript is needed to cross-examine a witness[.]" *Marcus & Millichap Real Estate Investment Services Inc., v. Sekulovksi*, 2010 WL 145785, at *9 (N.D. Ill. Jan. 12, 2010). Defendants claim that transcripts were necessary because they "assist[ed] defense counsel in preparing for the examination of other witnesses as well as closing arguments." [ECF No. 141], at 11. Defendants further defend the costs based on the fact that there was five days worth of complex testimony given in the case and because a Spanish interpreter was needed for the testimony of Marcelino Ayala. *Id.* Plaintiff again only makes a blanket objection claiming that Defendants have failed to set out why these transcripts were necessary. [ECF No. 133], at 3. The Court finds that Defendants have sufficiently established that these transcripts were reasonably necessary at the time that they were ordered. The trial was over a week long, testimony was relatively complex,

and the transcript was needed to cross-examine witnesses. Further, Defendants' invoices show that $6.05 per page was charged for the transcripts. [ECF No. 144], at 46-47. This was consistent with the established daily transcript copy rate in this District at the time the transcripts were ordered. The Court, therefore, awards $683.65 in transcript costs.

**2. Forensic Examination—28 U.S.C. § 1920(6)**

Lastly, Defendants seek to recover $375.00 for costs incurred as a result of securing a forensic expert to examine witness Juan Ayala's cellular phone. [ECF No. 141], at 11. The Court previously ordered the parties to split the costs of the forensic expert fifty-fifty. [ECF No. 76]. Plaintiff objects to the $375.00 sought by Defendants because he has already paid his obligated share of the costs. [ECF No. 133], at 3. Defendants argue that Plaintiff should be responsible for the entire amount because Plaintiff did not disclose the evidence from the cellular phone until the last day of discovery. [ECF No. 141], at 12. The Court sees no reason to disturb the prior order requiring the parties to split the costs fifty-fifty. Accordingly, Defendants' request to have Plaintiff pay an additional $375.00 for the forensic expert is denied.

### III. Conclusion

For the foregoing reasons, Defendants' Amended Bill of Costs is granted in part and denied in part. Defendants are awarded costs as the prevailing party in this action in the amount of $7,177.55. It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 7, 2016

15